## SUPREME COURT.

### The Somerset and Worcester Savings Bank agt. Leonard Huyck and others.

A *surety* upon an undertaking given in an action for claim and delivery of personal property, who rents and occupies a portion of a building as an office for business purposes within the state, is to be deemed a "householder," for all the purposes of bail.

*New York Special Term, July, 1867.*

*Before* Leonard, *J.*

This was an action for the claim and delivery of personal property. After its seizure by the sheriff, the defendants required the return thereof, and gave the sheriff an undertaking, with two sureties, as required by section 211 of the Code. Those sureties subsequently justified on notice; and it then appeared that one of them was a member of a firm which had a lease, with an unexpired term of about two years, of a portion of a building in Broad street, New York, being three rooms on the second floor, in which the firm carried on the business of brokers and bankers.

This surety was objected to on the part of the plaintiff, after justification, as not being either a "householder or freeholder within the state.'

Mr. E. Gilbert, *for the plaintiff*, insisted that the surety was insufficient, citing 1 *Chitty R.* 288; *Id.* 316; *Id.* 502; 1 *B. & C.* 178; 2 *T. R.* 406; 18 *John. R.* 400; 19 *Wend.* 475; 14 *Barb.* 456; 11 *N. Y. Leg. Obs.* 248.

Mr. L. Birdseye, *for the defendants*, insisted, that the surety was sufficient, claiming that there was no distinction, for the purposes of bail and suretyship, whether the party held a portion of a building or the entire tenement, or whether he held the same for the purpose of a dwelling or a place of business; that the intent of the statute was to secure permanency of abode in the state, and that that end was attained as much by securing one who was permanently

engaged in business, upon a lease of a place of business, as by obtaining one who rented a dwelling and resided there with his family.

After advisement, LEONARD, J., held the justification sufficient, and approved the undertaking, and the property was redelivered to defendants.